UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **C.S., Individually** | ) |
| | ) |
| **And** | ) |
| | ) |
| | ) |
| vs.                              **Plaintiff.** | )   Case No. |
| | )   **Chapter 60** |
| | ) |
| **EMBERHOPE, INC.** | ) |
| | ) |
| **UNITED METHODIST YOUTHVILLE** | ) |
| **FOUNDATION, INC.** | ) |
| | ) |
| | ) |
|                                      **Defendants.** | ) |

## COMPLAINT

COMES NOW Plaintiff, C.S., Individually and through her counsel, Monsees & Mayer, P.C., and herby submits her Complaint against Emberhope, Inc and United Methodist Youthville Foundation, Inc. as follows:

## PARTIES

1. Plaintiff C.S. is a citizen and resident of Essex County, Massachusetts. Plaintiff J. S. is referred to in this public filing by pseudonym to maintain confidentiality of her identity. At the time of the negligent acts complained of herein, Plaintiff J.S. (hereinafter "Plaintiff") was a resident of Harvey County, Kansas.

2. Defendant Emberhope, Inc is a Kansas Not For Profit Corporation and operating at 900 W. Broadway, P.O. Box 210, Newton, Kansas (hereinafter referred to as "Emberhope").

3. Defendant United Methodist Youthville Foundation, Inc. is a Kansas Not for Profit Corporation and operating at 900 W. Broadway, Newton, Kansas (hereinafter referred to as "United Methodist")

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction of this dispute under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000 exclusive of interests and costs.

5. This Court has personal jurisdiction of all Defendants because each Defendant resides in Kansas.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all Defendants are residents of the State of Kansas and because a substantial part, if not all, of the events involved in this action occurred in Kansas.

## INCIDENT

7. Defendants hired Plaintiff's parents to be "house parents" in their group home for children for the approximate time period of 1979-1983.

8. Plaintiff, under her parents' employment with Defendants, moved into a boy's cottage located on Defendants' campus. The boy's cottage housed boys ages 12-18. These were troubled boys that were coming from level 5 and 6 lockdowns facilities and from Larnered State Hospital. These boys were being rehabilitated to be placed back into society and school.

9. During the period of time that Plaintiff lived in the boy cottage she was repeatedly raped and sexually molested by the boys in the house.

10. Plaintiff repressed these memories, but within the past two years has had flash backs and is beginning to recall the horrific details of the abuse.

11. Plaintiff has suffered and continues to suffer physical injury and emotional distress.

12. Plaintiff requires counseling as a result of the sexual abuse.

13. As a direct result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life, loss of income, and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## COUNT I
## NEGLIGENT SUPERVISION OF THE BOYS

14. Plaintiffs incorporate all paragraphs of this petition as if fully set forth herein.

15. Defendants, by and through their agents, servants and employees, knew or reasonably should have known of the troubled boys potentially dangerous and exploitive propensities.

16. Defendants had a duty to properly supervise the boys while on their premises and under their care and supervision.

17. Defendants also had a duty to Plaintiff to provide for her safety while she lived on the premises.

18. Despite such knowledge, Defendants negligently failed to supervise the boys interactions with other children and/or create appropriate policies to separate the boys from the Plaintiff.

19. Defendants failed to properly monitor and supervise the boys which breached the duty of care owed to the Plaintiff.

20. As a direct result of Defendants' negligence, the Plaintiff was injured and suffered damages.

21. Additionally, as set forth above, Defendants negligently retained certain living arrangements in the boy cottages.

22. As a result of the above-described acts, Plaintiff has suffered and continues to suffer damages as set forth above.

WHEREFORE, Plaintiff prays for judgment against Defendants for compensatory damages in an amount that is fair and reasonable in excess of seventy-five thousand dollars ($75,000), her costs herein and for such other and further relief the Court deems just and equitable.

## COUNT II
## NEGLIGENT FAILURE TO SUPERVISE/PROTECT PLAINTIFF

23. Plaintiff incorporate all paragraphs of this Petition as if fully set forth herein.

24. Defendants had a duty to protect minors, including Plaintiff, against unreasonable risks of harm while on their property or under the supervision of their employees.

25. It is a well-known and foreseeable risk when working with troubled minors that some may attempt to have abusive contact, sexual or otherwise, with other minors.

26. Defendants had the duty to protect minors, like Plaintiff, and others from sexually abusive contact by implementing sufficient policies, procedures and training to prevent such contact.

27. In addition, Defendants had the duty to supervise and monitor minors including Plaintiff, C.S., and her interactions with troubled boys to avoid situations where they could isolate Plaintiff, C.S., making her vulnerable to sexual advances and manipulation.

28. Defendants breached their duty to Plaintiff, and were negligent, by:

   a. Failing to have in effect and/or failing to enforce effective policies, procedures and training prohibiting sexual contact

   b. Failing to have in effect and/or failing to enforce effective policies, procedures and training instructing staff on the signs of sexual abuse of a minor

4

    c. Failing to have in effect and/or failing to enforce effective policies, procedures and training instructing staff about the steps to be followed if staff suspects that a minor is having sexual contact.

    d. Failing to have in effect and/or failing to enforce effective policies, procedures and training instructing staff about the steps to be followed if a troubled minor boys that is housed at the boy cottage is behaving in a sexually inappropriate manner.

    e. Failing to properly care for and protect Plaintiff whereby a troubled minor boy in Defendants facility was able to isolate her and have sexual contact with her.

    f. Failing to use reasonable care in supervising minors, and/or failing to provide adequate warning to Plaintiff and her family of the dangerous propensities of the troubled boys and their failure to adequately supervise them.

29. As a result of the above-described acts and the breach of the duty owed to Plaintiff, Plaintiff has suffered and continues to suffer damages as set forth above.

WHEREFORE, Plaintiff prays for judgment against Defendants for compensatory damages in an amount that is fair and reasonable in excess of seventy-five thousand dollars ($75,000), his costs herein and such further relief the Court deems just and equitable.

### COUNT III
### NEGLIGENCE

30. Plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

31. While Plaintiff was on the premises owned and controlled by the Defendants, Defendants owed Plaintiff a duty of care to provide for her safety.

32. The facts of the above described occurrence and the reasonable inferences therefrom demonstrate Defendants' faild to use a degree of care that an ordinarily careful person would use under the same or similar circumstances and Defendants were thereby negligent.

33. Such negligence caused or contributed to cause injuries and damages to the Plaintiff.

34. As a direct and proximate result of Defendants' negligence, Plaintiffs have suffered and continues to suffer severe emotional distress as a result of offensive touching and sexual assault that is medically diagnosable and so significant as to require medical attention.

35. Further as a direct result of the aforesaid conduct, Plaintiff has and will in the future experience substantial pain, suffering, embarrassment, loss of enjoyment of life, past and future medical expenses, extreme emotional distress and mental anguish.

WHEREFORE, Plaintiff prays for judgment against Defendants for compensatory damages in an amount that is fair and reasonable in excess of seventy-five thousand dollars ($75,000), his costs herein and such further relief the Court deems just and equitable.

## REQUEST FOR LOCATION OF TRIAL

Pursuant to D. Kan. Rule 40.2, Plaintiff C.S. hereby requests for the trial of this matter to be conducted at the court in Kansas City, Kansas.

Respectfully Submitted,

**MONSEES & MAYER, P.C.**
A Professional Corporation


BY /s/ David M. Mayer
    DAVID M. MAYER, #15880
    ROBERT A. THRASHER, #25897
    4717 Grand, Suite 820
    Kansas City, Missouri 64112
    dmayer@monseesmayer.com
    rthrasher@monseesmayer.com
    (816) 361-5550
    (816) 361-5577 FAX

    **ATTORNEY FOR PLAINTIFF**