IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

C.S.,

    Plaintiff,

v.

                                                    Case No. 19-2612-KHV

EMBERHOPE, INC., et al.,

    Defendants.

## ORDER

The adult plaintiff filed this action under her initials, C.S., alleging that as a result of defendants' negligence she was sexually assaulted and raped from 1979-1983, when she was a minor. On December 4, 2019, the court ordered plaintiff to show cause why her full name should not be fully disclosed as required by the Federal Rules of Civil Procedure (ECF No. 13). Plaintiff has responded (ECF No. 15) and requested that she be allowed to proceed anonymously. Because plaintiff has not demonstrated exceptional circumstances in which the need for her anonymity outweighs the public interest in open court proceedings, the request is denied and plaintiff is ordered to amend her complaint.

Proceeding anonymously is not contemplated by the Federal Rules of Civil Procedure.[1] Rather, Rule 10(a) requires that the title of a complaint "name all the parties,"

---

[1] *See Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) ("Proceeding under a pseudonym in federal court is, by all accounts, 'an unusual procedure.'" (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)); *Doe v. USD No. 237, Smith Ctr. Sch. Dist.*,

1

and Rule 17(a) prescribes that "[a]n action must be prosecuted in the name of the real party in interest." These rules recognize the "substantial benefit to maintaining open court proceedings" in which the public knows the identity of litigants.[2] The Tenth Circuit has stated that the public has an "important interest in access to legal proceedings."[3] In addition, without a party's name in the public record, "it is difficult to apply legal principles of res judicata and collateral estoppel."[4] Thus, "[o]rdinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials."[5]

Nonetheless, the Tenth Circuit has recognized that there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously.[6] Adopting the standard of the Eleventh Circuit, the Tenth Circuit has ruled,

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment

---

No. 16-2801, 2017 WL 3839416, at *10 (D. Kan. Sept. 1, 2017) ("Proceeding under a pseudonym in federal court is, by all accounts, an unusual procedure. The Federal Rules of Civil Procedure do not contemplate the anonymity of parties." (internal quotation and citation omitted)); *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC, 2018 WL 3389878, at *1 (D. Kan. July 12, 2018) ("Allowing an adult party to proceed under a pseudonym in federal court is, by all accounts, an unusual procedure.").

[2] *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006); *USD No. 237, Smith Ctr. Sch. Dist.*, 2017 WL 3839416, at *11.

[3] *Femedeer*, 227 F.3d at 1246.

[4] *Id.*

[5] *Id.*

[6] *Id.*

is not enough.⁷

When a plaintiff seeks to proceed anonymously, the court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest."⁸ "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness."⁹

Plaintiff here asserts this "case is one that falls squarely within the exception to the general rule against anonymity because it involves matters that are highly sensitive and personal and because there is potential for real danger of physical, emotional, and psychological harm."¹⁰

Plaintiff's first argument is that the case involves highly sensitive and personal matters in that it alleges she was sexually abused as a minor. For support, plaintiff cites *Doe B.A. v. U.S.D. 102*, in which the court recognized that "[j]udges in this district have consistently found allegations of sexual assault and harassment of minors to be of a nature justifying protecting the identity of the minor."¹¹ Significantly, however, the plaintiff in *Doe B.A.,* as well as the plaintiffs in the cases the court cited in support of the quoted

---

⁷ *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

⁸ *Zavaras*, 139 F.3d at 803.

⁹ *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005).

¹⁰ ECF No. 15 at 2.

¹¹ No. 18-2476-CM, 2019 WL 201741, at *2 (D. Kan. Jan. 15, 2019).

3

19-2612-KHV-15-PSEUDONYM.DOCX

statement,[12] was a minor at the time of the lawsuit. In contrast, the pleadings in this case indicate plaintiff is close to fifty years old. Thus, the circumstances here are more akin to those in *Doe 1 v. Unified Sch. Dist. 331*, in which the court declined to permit "victims of child sexual harassment" to proceed under pseudonyms where they were "now adults."[13] Plaintiff has not cited support for allowing adult plaintiffs to proceed anonymously solely because they allege childhood sexual abuse, particularly when the alleged abuse occurred decades earlier.

Plaintiff's second argument for anonymity is the potential that "disclosure of her identity may cause further harm."[14] Again, she cites *Doe B.A.* for support, and again the court finds that case distinguishable. The minor plaintiff in *Doe B.A.* lived in a Kansas town with a population of about 2,000 people, and the alleged assaults occurred in that small community. The court was cognizant that if the plaintiff's identity was made known, she would daily encounter people aware of her allegations and would be put at risk of "further . . . retaliation and intimidation."[15] Here, plaintiff states she is a resident of

---

[12] *M.T. v. Olathe Pub. Sch. USD 233*, No. 17-2710, 2018 WL 806210, at *2 (D. Kan. Feb. 9, 2018); *USD No. 237, Smith Ctr. Sch. Dist.*, 2017 WL 3839416, at *10; *J.B. v. Liberal Sch. Dist.*, No. 06-2359, 2006 Lexis 67622, *3-5 (D. Kan. Sept. 20, 2006).

[13] No. 11-1351-KHV, 2013 WL 1624823, at *2 (D. Kan. April 15, 2013). *See also L.E.H. v. Kan. Dept. of Children and Families,* (denying leave to proceed anonymously where adult plaintiff alleged she was abused as a child).

[14] ECF No. 15 at 2.

[15] *Doe B.A.*, 2019 WL 201741, at *3.

Essex County, Massachusetts.[16] She does not indicate the size of her community or suggest that if her identity is revealed in this Kansas case she will face scrutiny or ill will in Massachusetts. In addition, although plaintiff states, in conclusory fashion, that "there is potential for real danger of physical, emotional, and psychological harm" if her identity is disclosed,[17] plaintiff supplies no particularized facts or "evidentiary support for these claims [of emotional suffering] in conjunction with her motion to proceed by pseudonym."[18]

In the end, plaintiff has not met her burden of showing that this is such an exceptional case that her need for anonymity outweighs the public's interest in open court proceedings. There certainly are exceptional cases in which an adult allegedly abused as a minor is permitted to bring her claims anonymously, but the current record does not support that approach here.

Because the Tenth Circuit has held that the failure to proceed in a plaintiff's true name, if not cured, is a jurisdictional defect,[19] the court will grant plaintiff leave until **December 30, 2019**, to file an amended complaint that substitutes plaintiff in her real name

---

[16] ECF No. 1 at 1.

[17] ECF No. 15 at 2.

[18] *Doe H. v. Haskell Indian Nations Univ.*, 266 F. Supp. 3d 1277, 1289 (D. Kan. 2017); *see also Raiser v. Brigham Young Univ.*, 127 F. App'x at 411 ("He did not present any particularized evidence, however, relating to any mental or psychiatric history, nor any particularized reasons why proceeding publicly would cause him real psychological or physical injury.").

[19] *See W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001).

5

as the party in interest.

IT IS SO ORDERED.

Dated December 11, 2019, in Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge